**HCDistrictclerk.com**　　A1 HOLDING CO vs. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY　　　　10/24/2019

Cause: 201962915　　　CDI: 7　　Court: 011

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 10/18/2019 | ANSWER ORIGINAL PETITION | | | 0 | | CONDER, DENNIS D. | METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY |
| 9/4/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 9/4/2019 | ORIGINAL PETITION | | | 0 | | BEVERLY, C BRYAN | A1 HOLDING CO |



9/4/2019 9:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36502397
By: Hilda Yam
Filed: 9/4/2019 9:13 AM

# 2019-62915 / Court: 011

### CAUSE NO. _____

| | | |
|---|---|---|
| **A1 HOLDING CO,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW A1 Holding Co ("Plaintiff") and complains of Metropolitan Property and Casualty Insurance Company ("Metropolitan"), in support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.     Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.     This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Harris County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

### III.
### PARTIES

3.     Plaintiff is a company whose principal office is located in Houston, Harris County, Texas.

4.     Defendant Metropolitan Property and Casualty Insurance Company is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

### IV.
### FACTUAL BACKGROUND

5.     Plaintiff is a named insured under a commercial property insurance policy issued by Metropolitan, insurance policy no. BP0117092017 (hereinafter referred to as the "Policy").

6.     On or about August 27, 2017, a storm hit the Harris County area and Plaintiff's property located at 1500 West Mount Houston Road, Houston, TX 77038 (hereinafter referred to as the "Property"), was damaged. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.     Subsequently, Metropolitan underpaid Plaintiff's claim.

8.     The adjuster, assigned to the claim by Metropolitan, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the covered damages present during the inspection, and undervalued the damages identified during the inspection.

9.      More specifically, upon acceptance of the claim by Metropolitan, Metropolitan sent out John Arias to perform an inspection of the Property and Plaintiff's damages. On October 17, 2017, John Arias discovered covered damage, rendering a net claim payment amount of $7,520.88.

10.     It is clear that Metropolitan's unreasonable investigation was the cause of Plaintiff's underpaid claim.

11.     Further, Metropolitan's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

12.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Metropolitan. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

13.     As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

14.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

15.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

16.     All acts by Metropolitan were undertaken and completed by its officers, agents, servants, employees, and representatives. Such were either done with the full authorization or

ratification of Metropolitan and were completed in its normal and routine course and scope of employment with Metropolitan.

## 1. BREACH OF CONTRACT

17.     According to the insurance coverage that Plaintiff purchased from Metropolitan, Metropolitan had the absolute duty to reasonably investigate Plaintiff's damages and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

18.     As a result of the storm-related event, Plaintiff suffered devastating damages under the Policy.

19.     Despite objective evidence of such damages, Metropolitan has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this material breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

20.     Metropolitan's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4), of the Texas Business & Commerce Code. Specifically in violation of Section 17.46(b), Metropolitan collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that its Policy, coverage and claim adjustment services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

> *17.46(b)(7)* - Representing that its Policy, coverage and claim adjustment services were of a particular standard, quality, or grade, and that the Policy was of a particular style or model, when they were of another;

*17.46(b)(12)* - Representing that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve; and

*17.46(b)(24)* - Failing to disclose information concerning the Policy, coverage and claim adjustment services which were known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

21.     Moreover, and specifically in violation of Section 17.50(a), Metropolitan collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to its detriment, in addition to engaging in the following:

*17.50(a)(3)* - An unconscionable action or course of action; and

*17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

22.     As described in this Original Petition, Metropolitan represented to Plaintiff that the Policy and Metropolitan's adjusting and investigative services had characteristics or benefits that they actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

23.     As described in this Original Petition, Metropolitan represented to Plaintiff that the Policy and Metropolitan's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

24.     By representing that Metropolitan would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the damages caused by the storm event and then not doing so, Metropolitan has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

---

25.     Metropolitan's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Metropolitan's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

26.     Metropolitan's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

27.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Metropolitan. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Metropolitan to its detriment. As a direct and proximate result of Metropolitan's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Metropolitan are a producing cause of Plaintiff's damages that are described in this Original Petition.

28.     As a result of Metropolitan's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Metropolitan having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Metropolitan having intentionally committed such conduct.

29.     As a result of Metropolitan's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

## 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. SECTION 541

30.     Metropolitan's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Metropolitan committed the following unfair and deceptive acts or practices in the business of insurance:

> *541.051(1)(A)* - Making statements misrepresenting the terms of the Policy; and
>
> *541.051(1)(B)* - Making statements misrepresenting the benefits of the Policy.

31.     Continuing, in violation of Section 541.060(a), Metropolitan engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> *541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;
>
> *541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;
>
> *541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of the Policy in order to influence the claimant to settle an additional claim under another portion of the coverage;
>
> *541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the Policy;

*541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

32.      Further, Metropolitan violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

**B. SECTION 542**

34.      Metropolitan's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section

542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Metropolitan to date, Metropolitan has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the Policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling Plaintiff, a policyholder, to institute a suit to recover the amount due under the Policy by offering substantially less than the amount ultimately recovered in a suit brought by Plaintiff.

35.     Metropolitan has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, Metropolitan committed the following violations:

*542.055(a)(1)* - Failing to acknowledge receipt of Plaintiff's claim within 15 days after Metropolitan received notice of Plaintiff's claim;

*542.055(a)(2)* - Failing to commence an investigation of Plaintiff's claim within 15 days after Metropolitan received notice of Plaintiff's claim;

*542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Metropolitan reasonably believes, at the time, was required from Plaintiff, within 15 days after Metropolitan received notice of Plaintiff's claim;

*542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Metropolitan received all items, statements, and forms required for Metropolitan to secure final proof of loss;

*542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

*542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, Metropolitan delayed payment of the claim for a period exceeding the period more than 60 days.

36.    As a result of the above-referenced violations and acts committed by Metropolitan, and in accordance with Section 542.060 of the Texas Insurance Code, Metropolitan is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

37.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Metropolitan's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Metropolitan having knowingly committed such conduct.

38.    Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Metropolitan having intentionally committed such conduct.

39.     As a result of Metropolitan's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

40.     Metropolitan has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Metropolitan's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

42.     Metropolitan has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

43.     Metropolitan's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

44.    More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

45.    Furthermore, Metropolitan's conduct was committed knowingly and intentionally. Accordingly, Metropolitan is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

46.    In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

47.    Plaintiff seeks attorney fees on a contingency fee basis. If the attorney fees must be broken down into an hourly rate, Plaintiff seeks attorney fees at $350 per hour.

48.    Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates Chapter 542 of the Texas Insurance Code. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The spectre of large attorney's fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807 (Tex. App. 1994).

## IX.
## JURY DEMAND

49.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO METROPOLITAN

A. REQUEST FOR DISCLOSURE

50.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that

Metropolitan disclose all information and/or material as required by Rule 194.2, paragraphs (a)

through (l), and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

51.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production:

    a.     Please produce Metropolitan complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim;

    b.     Please produce the CV of the individual responding to these discovery requests;

    c.     Please produce the underwriting files referring or relating in any way to the Policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file;

    d.     Please produce certified copy of the Policy pertaining to the claims involved in this suit;

    e.     Please produce the electronic diary, including the electronic and paper notes made by Metropolitan claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims;

f.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit;

g.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim;

h.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property;

i.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s); and

j.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Metropolitan intends to offer these items into evidence at trial.

C. INTERROGATORIES

52.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories:

a.      Please identify any person Metropolitan expects to call to testify at the time of trial;

b.      Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the claim;

c.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement;

d.      If Metropolitan or Metropolitan's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Metropolitan or any of Metropolitan's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step;

e.      Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Metropolitan's investigation;

    f.    Please state the following concerning notice of claims and timing of payment:

        i.    The date and manner in which Metropolitan received notice of the claim;

        ii.    The date and manner in which Metropolitan a c k n o w l e d g e d receipt of the  claim;

        iii.    The date and manner in which Metropolitan commenced investigation of the claim;

        iv.    The date and manner in which Metropolitan requested from the claimant all items, statements, and forms that Metropolitan reasonably believed, at the time, would be required from the claimant; and

        v.    The date and manner in which Metropolitan notified the claimant in writing of the acceptance or rejection of the claim.

    g.    Please identify by date, amount and reason, the insurance proceed payments made by Metropolitan, or on Metropolitan's behalf, to the Plaintiff;

    h.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim;

    i.    The date Metropolitan anticipated litigation;

    j.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Metropolitan's document retention policy;

    k.    Does Metropolitan contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention;

    l.    Does Metropolitan contend that any act or omission by the Plaintiff voided, nullified, waived or breached the Policy in any way? If so, state the general factual basis for this contention;

    m.    Does Metropolitan contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention;

    n.    The conditions precedent, if any, you contend Plaintiff has not satisfied under the Policy;

o.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

     i.   What performance measures are used; and
    ii.   Describe Metropolitan's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

53.   Plaintiff prays that judgment be entered against Metropolitan Property and Casualty Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Metropolitan Property and Casualty Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ C. Bryan Beverly
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bryan@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

10/18/2019 2:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37783806
By: Anais Aguirre
Filed: 10/18/2019 2:58 PM

## CAUSE NO. 2019-629-15

| | | |
|---|---|---|
| A1 HOLDING CO., | § | IN THE DISTRICT COURT |
| | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| METROPOLITAN PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
|    Defendant | § | 11TH JUDICIAL DISTRICT |

### DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Property and Casualty Insurance Company, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

1.1     Pursuant Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

2.1     Pleading in the affirmative, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan, including but not limited to the following policy provisions:

### BUSINESS OWNERS COVERAGE FORM

***

### SECTION I - PROPERTY

---

**DEFENDANT METROPOLITAN PROPERTY AND CASUALTY**
**INSURANCE COMPANY'S ORIGINAL ANSWER - PAGE 1**

A. **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. **Covered Property**

Covered Property includes Buildings as described under Paragraph **a.** below, Business Personal Property as described under Paragraph **b.** below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph **2.** Property Not Covered.

   **a.** Buildings, meaning the buildings and structures at the premises described in the Declarations, including:

   **(1)** Completed additions;

   **(2)** Fixtures, including outdoor fixtures;

   **(3)** Permanently installed:

   **(a)** Machinery; and

   **(b)** Equipment;

   **(4)** Your personal property in apartments, rooms or common areas furnished by you as landlord;

   **(5)** Personal property owned by you that is used to maintain or service the buildings or structures or the premises, including:

   **(a)** Fire extinguishing equipment;

   **(b)** Outdoor furniture;

   **(c)** Floor coverings; and

   **(d)** Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

   **(6)** If not covered by other insurance:

   **(a)** Additions under construction, alterations and repairs to the buildings or structures;

   **(b)** Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for

        making additions, alterations or repairs to the buildings or structures.

**b.**    Business Personal Property located in or on the buildings or structures at the described premises or in the open (or in a vehicle) within 100 feet of the buildings or structures or within 100 feet of the premises described in the Declarations, whichever distance is greater, including:

    **(1)**    Property you own that is used in your business;

    **(2)**    Property of others that is in your care, custody or control, except as otherwise provided in Loss Payment Property Loss Condition Paragraph **E.5.d.(3)(b)**;

    **(3)**    Tenant's improvements and betterments.   Improvements and betterments are fixtures, alterations, installations or additions:

        **(a)**    Made a part of the building or structure you occupy but do not own; and

        **(b)**    You acquired or made at your expense but cannot legally remove;

    **(4)**    Leased personal property which you have a contractual responsibility to insure, unless otherwise provided for under Paragraph **1.b.(2)**; and

    **(5)**    Exterior building glass, if you are a tenant and no Limit Of Insurance is shown in the Declarations for Building property. The glass must be owned by you or in your care, custody or control.

**2.**    **Property Not Covered**

Covered Property does not include:

*** 

**d.**    Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetated roof);

**e.**    Outdoor fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, signs (other than signs attached to buildings), trees, shrubs or plants (other than trees, shrubs or plants which are part of a vegetated roof), all except as provided in the:

    **(1)**    Outdoor Property Coverage Extension;

    or

**(2)**     Outdoor Signs Optional Coverage;

***

**3.     Covered Causes Of Loss**

Direct physical loss unless the loss is excluded or limited under Section I - Property.

**4.     Limitations**

**a.**     We will not pay for loss of or damage to:

***

**(5)**     The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(a)**     The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

**(b)**     The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

***

**f.     Business Income**

**(1)**     Business Income

**(a)**     We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

      (i)     The portion of the building which you rent, lease or occupy;

      (ii)    The area within 100 feet of the building or within 100 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

      (iii)   Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

**(b)** We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within 12 consecutive months after the date of direct physical loss or damage. We will only pay for ordinary payroll expenses for 60 days following the date of direct physical loss or damage, unless a greater number of days is shown in the Declarations.

**(c)** Business Income means the:

      (i)     Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business    due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses; and

      (ii)    Continuing normal operating expenses incurred, including payout.

**(d)** Ordinary payroll expenses:

      (i)     Means payroll expenses for all your employees except:

          i.     Officers;

          ii.    Executives;

          iii.   Department Managers;

          iv.   Employees under contract; and

      **v.**    Additional Exemptions shown in the Declarations as:

- Job Classifications; or
- Employees

**(ii)**    Include:

    **i.**    Payroll;

    **ii.**    Employee benefits, if directly related to payroll;

    **iii.**    FICA payments you pay;

    **iv.**    Union dues you pay; and

    **v.**    Workers' compensation premiums.

**(2)**    **Extended Business Income**

**(a)**    If the necessary suspension of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:

**(i)**    Begins on the date property except finished stock is actually repaired, rebuilt or replaced and "operations" are resumed; and

**(ii)**    Ends on the earlier of:

    **i.**    The date you could restore your "operations" with reasonable speed," to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

    **ii.**    60 consecutive days after the date determined in Paragraph **(a)(i)** above, unless a greater number of consecutive days is shown in the Declarations.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

---

       **(b)**      Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

**(3)**      With respect to the coverage provided in this Additional Coverage, suspension means:

       **(a)**      The partial slowdown or complete cessation of your business activities; or

       **(b)**      That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

**(4)**      This Additional Coverage is not subject to the Limits of Insurance of Section I - Property.

**g.**      **Extra Expense**

**(1)**      We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

       **(a)**      The portion of the building which you rent, lease or occupy;

       **(b)**      The area within 100 feet of the building or within 100 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

       **(c)**      Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

**(2)**      Extra Expense means expense incurred:

       **(a)**      To avoid or minimize the suspension of business and to continue "operations".

          **(i)**     At the described premises; or

          **(ii)**    At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

**(b)**    To minimize the suspension of business if you cannot continue

**(c)**    To:

          **(i)**     Repair or replace any property; or

          **(ii)**    Research, replace or restore the lost information on damaged "valuable papers and records";

          to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or Additional Coverage **f.** Business Income.

**(3)**    With respect to the coverage provided in this Additional Coverage, suspension means:

    **(a)**    The partial slowdown or complete cessation of your business activities; or

    **(b)**    That a part or all of the described premises is rendered untenantable, if coverage for Business Income applies.

**(4)**    We will only pay for Extra Expense that occurs within 12 consecutive months after the date of direct physical loss or damage. This Additional Coverage is not subject to the Limits of Insurance of Section I - Property.

\*\*\*

**B.**    **Exclusions**

1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

    **a.**    **Ordinance Or Law**

        **(1)**    The enforcement of or compliance with any ordinance or law:

(a)   Regulating the construction, use or repair of any property; or

(b)   Requiring the tearing down of any property, including the cost of removing its debris.

(2)   This exclusion, Ordinance Or Law, applies whether the loss results from:

(a)   An ordinance or law that is enforced even if the property has not been damaged; or

(b)   The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property or removal of its debris, following a physical loss to that property.

\*\*\*

g.   **Water**

(1)   Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

\*\*\*

i.   **Collapse**

(1)   Collapse, including any of the following conditions of property or any part of the property:

(a)   An abrupt falling down or caving in;

(b)   Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

(c)   Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to Paragraph i.(1)(a) or i.(1)(b).

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

(2)   This Exclusion i. does not apply:

      **(a)**     To the extent that coverage is provided under the Additional Coverage- Collapse; or

      **(b)**     To collapse caused by one or more of the following:

           **(i)**     The "specified causes of loss";

           **(ii)**    Breakage of building glass;

           **(iv)**   Weight of rain that collects on a roof; or
           **(iv)**   Weight of people or personal property.

***

**k.**     **Neglect**

Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**l.**     **Other Types Of Loss**

     **(1)**     Wear and tear;

     **(2)**     Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***

But if an excluded cause of loss that is listed in Paragraphs **(1)** through **(7)** above results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

***

**p.**     **Continuous Or Repeated Seepage Or Leakage Of Water**

Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**3.**     We will not pay for loss or damage caused by or resulting from any of the following Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** through **c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

     **a.**     **Weather Conditions**

Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **B.1.** above to produce the loss or damage.

\*\*\*

c.     **Negligent Work**

Faulty, inadequate or defective:

**(1)**     Planning, zoning, development, surveying, siting;

**(2)**     Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)**     Materials used in repair, construction, renovation or remodeling; or

**(4)**     Maintenance;

of part or all of any property on or off the described premises.

\*\*\*

D.     **Deductibles**

**1.**     We will not pay for loss or damage in any one occurrence until the amount of loss or damage exceeds     the Deductible shown in the Declarations. We will then pay the amount of loss or damage in excess of the Deductible up to the applicable Limit of Insurance of Section I - Property.

2.2     Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Property and Casualty Insurance Company to the Plaintiff. Specifically, the subject insurance policy provides as follows:

E.     **Property Loss Conditions**

\*\*\*

**2.     Appraisal**

a.     If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an

umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:

**(1)**     Pay its chosen appraiser; and

**(2)**     Bear the other expenses of the appraisal and umpire equally.

**b.**     If there is an appraisal:

**(1)**     You will retain your right to bring a legal action against us, subject to the provisions of Paragraph **E.4.** Legal Action Against Us Property Loss Condition; and

**(2)**     We will still retain our right to deny the claim.

**3.**     **Duties In The Event Of Loss Or Damage**

**a.**     You must see that the following are done in the event of loss or damage to Covered Property:

**(1)**     Notify the police if a law may have been broken.

**(2)**     Give us prompt notice of the loss or damage. Include a description of the property involved. However, with respect to loss or damage in the state of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim.

**(3)**     As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**     Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section I - Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

(8)    Cooperate with us in the investigation or settlement of the claim.

(9)    Resume all or part of your "operations" as quickly as possible.

**b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

**4.**    **Legal Action Against Us**

**a.**    Except as provided in Paragraph **b.**, no one may bring a legal action against us under this insurance unless:

(1)    There has been full compliance with all of the terms of this insurance; and

(2)    The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**b.**    With respect to loss or damage in the state of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this insurance, unless:

(1)    There has been full compliance with all of the terms of this insurance; and

(2)    The action is brought within the earlier of the following:

   **(a)**  Two years and one day from the date we accept or reject the claim; or

   **(b)**  Three years and one day from the date of the loss or damage that is the subject of the claim.

  This Paragraph **4.** does not apply to Paragraph **E.3. Legal Action Against Us** Liability And Medical Expenses General Condition in **Section II - Liability.**

  2.2  Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

  2.3  Defendant asserts as an affirmative defense that it is incumbent on Plaintiff to segregate its covered damages, if any, due to any wind/hurricane that allegedly occurred on or about August 27, 2017 from any other pre-existing and/or wind/hurricane related damages.

  2.4  As an additional affirmative defense, Defendant asserts that Plaintiff's damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant has and exercised no control.

  2.5  Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiff and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control. Plaintiff's and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiff and cannot be attributed to Defendant.

  2.6  For further affirmative defense, Defendant asserts comparative fault.

  2.7  For further affirmative defense, Defendant asserts contributory negligence and proportionate responsibility as a bar to Plaintiff's claims.

  2.8  By way of additional affirmative defense, Defendant asserts that Plaintiff's damages, if any, were caused by a new and independent cause or causes not reasonably

foreseeable by Defendant. This new and independent cause(s) was the immediate and efficient cause of injury, if any, to Plaintiff. The acts or omissions alleged by Plaintiff against Defendant were remote and were not the proximate or producing cause of any of any of Plaintiff's alleged damages.

2.9    Defendant affirmatively pleads the fortuity doctrine as a bar to recovery. Plaintiff cannot recover against Defendant for any pre-existing damages and/or damages that were already losses-in-progress.

2.10    By way of additional affirmative defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of concurrent causation.

2.11    As an additional defense, Defendant asserts the doctrine of excessive demand. In addition and without waiving the foregoing, Plaintiff's right, if any, to an award of attorney's fees is governed by application of TEX. INS. CODE § 542A.007.

2.12    Defendant would further state that all of Plaintiff's claims are barred by the applicable statute of limitations.

### III. JURY DEMAND

3.1    Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:    Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on the 18th day of October, 2019, a copy of the foregoing was delivered to Plaintiff's counsel of record pursuant to the Texas Rules of Civil Procedure.

Dennis D. Conder

PAN/PLDG/632832.1/001466.19224

**DEFENDANT METROPOLITAN PROPERTY AND CASUALTY**
**INSURANCE COMPANY'S ORIGINAL ANSWER - PAGE 16**